UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTHONY LEE DARWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CV-291-PLR |
| | ) | 3:10-CR-170-PLR-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 25]. During pendency of the petition, Petitioner filed a request for leave to amend his original petition [Doc. 32]. During that same period, the government filed two responses, one to the original petition and another addressing Petitioner's request for leave to amend [Docs. 29, 33]. Petitioner replied to the first of these responses on January 20, 2015 [Doc. 31]. For the reasons discussed below, Petitioner's motion for leave to amend [Docs. 25] will be **GRANTED** and amended § 2255 motion [Docs. 25, 32] will be **DISMISSED WITH PREJUDICE.**

**I.  BACKGROUND**

On September 13, 2010, Petitioner was caught burglarizing a home in Wartburg, Tennessee [Doc. 17 ¶ 3]. Among the items stolen from the residence were several firearms [*Id.*]. Petitioner subsequently pled guilty to possessing firearms as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶¶ 1, 2]. He went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," unless it involved "ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)]. In the same plea agreement, Petitioner

admitted that several burglary convictions qualified him as a career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and, as a result, he was subject to an enhanced fifteen-year term of incarceration and five years' supervised release [*Id.* ¶¶ 1, 5].

Consistent with the terms of Petitioner's Rule 11(c)(1)(C) plea, the probation officer classified Petitioner as an armed career criminal based on two Georgia burglary convictions [Presentence Investigation Report ("PSR") ¶ 31], one Tennessee Burglary conviction [*Id.* ¶ 29], and eleven Tennessee aggravated burglary convictions [Id. ¶ 32–33, 37–40]. On April 16, 2012, the Court sentenced petitioner to the agreed 188 months' incarceration followed by five years' supervised release [Doc. 23]. No appeal was taken.

Over two years later—on June 19, 2014—Petitioner filed a § 2255 motion in which he alleged that he had been improperly sentenced as an armed career criminal in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Docs. 25, 26]. The government responded in opposition [Doc. 29], Petitioner replied to that response [Doc. 31]. On July 15, 2015, ten months after submitting his first motion, Petitioner filed what the Court interprets to be a request for leave to amend the original § 2255 petition [Doc. 32]. Specifically, Petitioner requests permission to supplement the petition with an additional ground of collateral attack based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the ACCA as unconstitutionally vague [*Id.*].

## II. TIMELINESS OF PETITION AND AMENDMENT

### A. Timeliness of Petitioner's § 2255 Petition and Amendment

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action

in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition [Doc. 25] and later amendment [Doc. 32] thus depend on whether the documents were submitted in compliance with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became

final on April 30, 2012, fourteen days after the Court entered judgment on April 16, 2012. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgments of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window for requesting timely relief under subsection (f)(1) began to run on that date, expiring on April 30, 2013.

### 1. Timeliness of June 24, 2014 Petition

The initial petition articulates a singular ground for relief, improper classification as an armed career criminal in light of the Supreme Court's decision in *Descamps v. United States* [*Id.* at 5]. To the extent he argues reliance on *Descamps* triggers § 2255(f)(3), the Court disagrees.

Subsection (f)(3) provides an independent one-year window in which a petitioner can request collateral relief based on newly-recognized rights made retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3). In other words, to trigger the renewed limitations period, the ground for relief must be based on (1) a right newly recognized by the Supreme Court and (2) made retroactively applicable by that same institution. Because Petitioner has failed to demonstrate that *Descamps* satisfies the first prong, the Court need not determine whether it satisfies the second. *Descamps* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a

4

newly recognized right within the scope of § 2255(f)(3). *See United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely); *United States v. Lawrence*, No. 06-CR-36, 2014 U.S. Dist. LEXIS 121439, at *4 (E.D. Wash. Aug. 29, 2014) ("While the issue of whether *Descamps* created a new right has not been addressed by [any federal court of appeals], district courts have uniformly dismissed that argument."); *United States v. Chavis*, No. 14-C-50122, 2014 U.S. Dist. LEXIS 82730, at *2 (N.D. Ill. June 18, 2014) ("[B]ecause *Descamps* merely affirmed existing Supreme Court precedent it cannot serve as a justification for the application [of § 2255(f)(3)]."); *Harr v. United States*, No. 14-cv-1152, 2014 U.S. Dist. LEXIS 58692, at *3 (C.D. Ill. Apr. 28, 2014) (explaining that *Descamps* "cannot serve as a justification for application of § 2255(f)(3)"). Because *Descamps* did not articulate a new right, the timeliness of Petitioner's original motion hinges on its compliance with § 2255(f)(1).

Petitioner's failure to file the petition until June 24, 2014—More than a year after expiration of subsection (f)(1)'s one-year window on April 30, 2013—leads the Court to conclude that the motion should be deemed untimely absent tolling of the limitations period.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v.*

5

*Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

Review of the original petition [Doc. 25] in conjunction with the memorandum filed in support thereof [Doc. 26], lead the Court to conclude that Petitioner has failed to identify a single extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). The record reveals that Petitioner made no attempts to challenge any aspect of his sentence following the final judgment until he filed the § 2255 petition over two years later. *See, e.g.*, *Stovall v. United States*, No. 1:12-cv-377, 2013 U.S. Dist. LEXIS 12937, at *9 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling where the petitioner failed to set forth any facts suggesting he had diligently pursued his rights).

### 2. Timeliness of July 15, 2015 Amendment

Petitioner's most recent amendment, filed on July 15, 2015, identifies an entirely novel ground for collateral relief based on *Johnson v. United States* [Doc. 32]. Petitioner relies on § 2255(f)(3) to show that his request for *Johnson*-based collateral relief was filed prior to expiration of the statute of limitations [*Id.* at 2–4]. Unlike *Descamps*, however, Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed

period began to run on June 26, 2015 and, as a result, Petitioner's proposed amendment falls safely within the one-year window for making a timely request for collateral relief [Doc. 32]. As such, the motion [Doc. 32] will be **GRANTED** to the extent that it seeks leave to amend the original June 24, 2014 petition to include a claim for relief based on *Johnson*.

## IV.  STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## V.  ANALYSIS

In his sole timely ground for collateral relief, Petitioner argues *Johnson v. United States*—in which the Supreme Court invalidated the ACCA residual clause as unconstitutionally vague—removed a sufficient number of his burglary and aggravated burglary convictions from the scope of § 924(e)'s definition of "violent felony" to preclude continued classification as an armed career criminal under that provision [Doc. 32 pp.3–4].[1] The claim fails for lack of merit.

---

[1]  The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 33 p. 4]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting

7

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e).[2]

---

sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 17 ¶ 10(b)] it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

[2] The Court recognizes that Petitioner entered a Rule 11(c)(1)(C) plea agreement stipulating to application of the ACCA as well as the fifteen-year statutory mandatory minimum contained therein [Doc. 17], *see* 18 U.S.C. § 924(e) (noting individuals who violate § 922(g)(1) and have three qualifying offenses "shall be . . . imprisoned not less than fifteen years"); Fed. R. Crim. P. 11(c)(1)(C) (allowing government and defendant to "agree that a specific sentence or

8

*See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each] conviction[]." *Id.* at 2283 (internal quotations omitted).

A review of Petitioner's PSR reveals that several of his prior convictions categorically qualify as "violent offenses" under ACCA provisions unaffected by *Johnson*. For purposes of the § 924(e) enhancement, the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495

---

sentencing range is the appropriate disposition of the case, or that a particular . . . sentencing factor does or does not apply"), and that some courts have found no cognizable § 2255 claim exists where a petitioner attempts to challenge a sentence imposed in accordance with a Rule 11(c)(1)(C) stipulation based on errors in sentence calculation. *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (explaining that sentencing errors are not typically cognizable under § 2255 and that non-jurisdictional, non-constitutional errors of law only support collateral relief where "the claimed error constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice'" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1979)); *United States v. Peterson*, 916 F. Supp. 2d 102, 108–110 (D.D.C. 2013) (explaining petitioner failed to state a cognizable § 2255 claim where he stipulated to sentence in a Rule 11(c)(1)(C) plea agreement because such fact made it "highly unlikely that the [sentencing] error . . . amount[ed] to a miscarriage of justice"). The Court finds the current situation distinguishable. A unique consequence of *Johnson* is that prisoners improperly subjected to § 924(e)'s mandatory statutory minimum are uniformly left with sentences, stipulated or not, exceeding the congressionally authorized maximum punishment sanctioned for non-ACCA violations of § 922(g)(1). The plain language of § 2255 itself reveals that such claims are quintessentially within the scope of the provision because they challenge a sentence "imposed in violation of the Constitution[,] . . . that the court was without jurisdiction to impose[, and] . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

9

U.S. at 599. Binding Sixth Circuit precedent conclusively demonstrates that all eleven of Petitioner's aggravated burglary convictions [PSR ¶ 32–33, 37–40 (outlining seven separate aggravated burglary offenses)] fall squarely within the scope of the above definition and, as a result, independently qualify as predicate offenses under the ACCA's enumerated-offense clause. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (holding that post-1989 Tennessee aggravated burglary categorically qualifies as generic burglary and is, thus, a violent felony under the enumerated-offense clause); *see also United States v. Priddy*, 808 F.3d 676, 683–84, at *5 (6th Cir. Dec. 15, 2015) (finding, post-*Johnson*, that "*Nance* [is] controlling and establish[es] that a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause"); *United States v. Bailey*, No. 14-6524, 2015 U.S. App. LEXIS 12325, at *4 (6th Cir. July 15, 2015) (finding, post-*Johnson*, that "[b]ecause Tennessee aggravated burglary is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause"); *United States v. Lara*, 590 F. App'x 574, 577 (6th Cir. 2014) (affirming that, under *Nance*, Tennessee aggravated burglary "qualifies as a violent felony under the ACCA").[3] The fact that at least eleven of his prior convictions constitute predicate offenses independent of the now-defunct residual clause is fatal to Petitioner's request for collateral relief from his ACCA-enhanced sentence.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's motion to amend [Doc. 32] will be **GRANTED** and amended § 2255 petition [Docs. 25, 32] will be **DISMISSED WITH PREJUDICE.** The Court will **CERTIFY** any appeal from this action would not be taken in

---

[3] Even if a modified categorical analysis could be applied to Petitioner's prior Tennessee aggravated burglary convictions, he has failed to submit any evidence that those prior convictions involved non-generic burglaries.

10

good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **ORDER ACCORDINGLY.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**